CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 11 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALLESANDRO CANCIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:18-cv-00283 |
| v. | ) |
| | ) |
| HANNABASS AND ROWE, LTD., | ) |
| | ) |
| and | ) |
| | ) |
| LINDSAY MICHELLE STINSON, | ) |
| | ) |
| Defendants. | ) By: Michael F. Urbanski |
| | ) Chief U.S. District Judge |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Hannabass & Rowe, Ltd.'s ("Hannabass") and Defendant Lindsay Michelle Stinson's ("Stinson") Motions to Dismiss, both filed on October 16, 2018. ECF No. 17-1; ECF No. 18-1. Plaintiff Allesandro Cancian ("Plaintiff" or "Cancian") filed the original complaint in this suit on June 20, 2018. ECF No. 1. Plaintiff filed the amended complaint against Defendants on October 2, 2018. ECF No. 16. In response to Defendants' motions to dismiss, Plaintiff Allesandro Cancian filed a memorandum in opposition on October 30, 2018. ECF No. 23. For the reasons stated below, the court now **DENIES** Defendants' motions.

I.

This case arises from alleged copyright infringement. Plaintiff is a photographer who registered a photograph with the United States Copyright Office on May 5, 2017. Cancian posted his copyrighted photograph on the website www.500px.com on March 17, 2012.

Plaintiff alleges the copyright was infringed when Defendants "copied and posted the photo on Hannabass' commercial website," "on or about November 23, 2015." ECF No. 16, ¶ 11.

Hannabass is a corporation formed under the laws of Virginia, headquartered in Roanoke, Virginia and specializing in car repair. ECF No. 16, ¶2. Stinson was the sole owner and member of Stinson Communications LLC ("Stinson Communications"), a Virginia limited liability company. ECF No. 16, ¶12. Cancian contacted Stinson through counsel on February 6, 2017, requesting both that Stinson remove the photo immediately and that Cancian receive compensation for the infringement. ECF No. 18-5. The photo was removed 29 days later. ECF No. 17-1, 2.

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). A plaintiff establishes "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see Wag More Dogs,

2

LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) (holding the court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments") (internal quotation marks omitted).

### III.

Defendants Hannabass and Stinson have both filed motions to dismiss. These motions will be addressed in turn. As the alleged actions of Stinson Communications give rise to this suit, Stinson's motion will be examined first.

### A.

In her motion, Stinson argues that she cannot be held individually liable for actions performed by Stinson Communications because Stinson Communications is an LLC. An LLC, or Limited Liability Company, is a legal entity separate from its members or owners. Remora Investments, LLC v. Orr, 277 Va. 316, 322, 673 S.E.2d 845, 847 (2009). An LLC thus shields its members from personal liability for the actions of the entity. Id. Plaintiff's complaint alleges that Stinson is "jointly and severally liable for any direct copyright infringement committed by Stinson Communications LLC." ECF No. 16, ¶ 20. Plaintiff also alleges that Stinson is "vicariously liable" for the actions of Stinson Communications. Id. Plaintiff did not, however, name Stinson Communications as a defendant in this case, and instead named Stinson in her individual capacity, seeking to hold her personally liable. See ECF No. 16.

Only a few factual scenarios permit a plaintiff to bypass the shield an LLC offers and hold the members of that LLC personally liable. See In re White, 412 B.R. 860, 865 (Bankr. W.D. Va. 2009) (stating the limited circumstances justifying the piercing of an LLC veil).

3

First, a member or officer of an LLC may be pursued individually for actions taken by the LLC when a court decides to "pierce the veil." Id. A court may pierce the veil in three instances: 1) "when the unity of interest and ownership is such that the separate personalities of the [LLC] and the individuals no longer exist and to adhere to that separateness would work an injustice;" 2) where the individual sought to be held liable attempted to use the LLC veil to evade a personal obligation, perpetuate a fraud or crime, commit an injustice, or gain an advantage; and 3) where the LLC's inability to satisfy a judgment against it is the result of deliberate undercapitalization. Id. (quoting O'Hazza v. Executive Credit Corp., 246 Va. 111, 115, 431 S.E.2d 318, 320 (1993)); Dana v. 313 Freemason, Inc., 266 Va. 491, 502, 587 S.E.2d 548, 554 (2003).

Plaintiff has pled no facts indicating that any of the above applies. Instead, Plaintiff states that Stinson Communications no longer exists—indeed, Stinson Communications was cancelled for non-payment of fees on January 31, 2017. ECF No. 16, ¶13; ECF No. 23-1. This fact on its own, however, does not expose Stinson to personal liability. Virginia's Limited Liability Company Act (the Act) states that, in the event of automatic cancellation of an LLC's existence (due to, for example, a failure to pay fees),

> "No member, manager, or other agent of a limited liability company shall have any personal obligation for any liabilities of the limited liability company, whether such liabilities arise in contract, tort, or otherwise, solely by reason of the cancellation of the limited liability company's existence pursuant to this section."

Va. Code Ann. § 13.1-1050.2 (2013). Further, the Act goes on to provide for potential claimants in the event of cancellation, saying

4

> "The cancellation of existence of a limited liability company shall not take away or impair any remedy available to or against the limited liability company or its members or managers for any right or claim existing, or any liability incurred, before the cancellation."

VA. Code Ann. § 13.1-1050.5 (2013). Cancian's photograph was allegedly posted on Hannabass' website in November of 2015. During this time, Stinson Communications was a properly formed and operational LLC of Virginia. The cancellation of that status does not expose Stinson to personal liability.[1]

Plaintiff also asserts that Stinson is both "jointly and severally liable" and "vicariously liable" for the infringement of Stinson Communications. The Copyright Act, as interpreted by the courts, extends personal liability for the actions of corporations and LLCs under certain circumstances. See 17 U.S.C.A. § 501(a–b) (2002) ("Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright . . . . The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for an infringement . . . ."); Universal Furniture Int'l, Inc. v. Frankel, 835 F. Supp. 2d 35, 50 (M.D.N.C. 2011), aff'd, 538 F. App'x 267 (4th Cir. 2013) (imposing personal liability on a corporate officer for copyright infringement by the corporation). Joint and several liability for a corporate officer in the context of copyright infringement will lie "where the officer was the dominant influence in the corporation, and

---

[1] In his memo in opposition to Stinson's motion to dismiss, Plaintiff points out that Stinson Communications had already been cancelled at the time he requested Stinson remove the photograph from Hannabass' website and at the time she did so, 29 days later. Plaintiff argues this makes her personally liable for her failure to "'expeditiously' remove the infringing work," as required by 17 U.S.C. § 512(c) (2010). ECF No. 23, 8. Even if the court accepted that removal within a month is not expeditious (and there is no judicial consensus on this point), Plaintiff did not plead such liability in the amended complaint. See ECF No. 16. See also Square Ring, Inc. v. Doe-1, No. CV 09-563 (GMS) 2015 WL 307480, at *7 (D. Del. Jan. 23, 2015) (holding that defining the term "expeditious" requires a factual analysis and lacks legal precedent to provide guidance). The court cannot infer claims from memorandum filed in opposition to an opposing party's motion.

determined the policies which resulted in the infringement." Broad Music, Inc. v. It's Amore Corp., No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009) (citing Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629, 634 (D.N.H. 1984). Vicarious liability in the same context will lie where a corporate officer possesses both the right and ability to supervise the infringing activity and an obvious and direct financial interest in the exploited copyrighted materials.[2] Nelson Salabes, Inc. v. Morningside Development, LLC, 284 F.3d 505, 513 (4th Cir. 2002). See also Universal Furniture Intern, 835 F. Supp. 2d at 50 (holding that the officer of a closely held company that was the judgment debtor for an $11 million award for damages for the infringement of a copyright holder's furniture designs was vicariously liable for the company's infringement because the officer had both the ability to supervise the distribution of the furniture and a financial interest in exploiting the copyrighted furniture).

Plaintiff alleges in his complaint, "upon information and belief," that Stinson met the criteria for both forms of liability. The Twombly-Iqbal standard does not bar pleadings based upon information and belief, though such pleadings are considered "tenuous at best." Raub v. Bowen, 960 F. Supp. 2d 602, 615 (E.D. Va. 2013). A plaintiff may do so if he or she is in a position of uncertainty because the necessary evidence is controlled by the defendant. Ridenour v. Multi-Color Corp., 147 F. Supp. 3d 452, 456 (E.D. Va. 2015) (citing Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2nd Cir. 2010) ("The Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and

---

[2] Stinson was the owner and member of an LLC, not a corporate officer, but the law pertaining to liability for members of an LLC generally mirrors that of corporations. See, e.g., Remora Investments, 277 Va. at 323, 673 S.E.2d at 848 (determining whether managers of LLCs owe its members fiduciary duties through examination of analogous corporate law); Flippo v. CSC Associates III, LLC, 262 Va. 48, 56 – 57, 547 S.E.2d 216, 221 (comparing a manager of an LLC to a corporate director and providing a manager of an LLC the same protections and duties as a corporate director).

belief' where the facts are peculiarly within the possession and control of the defendant"). Certainly, information regarding who determined policies, influenced operations, supervised activities, and possessed financial interests in specific materials at a now cancelled LLC would be in the control of the member itself—in this case, Stinson.[3] Stinson argues in response that Cancian was provided information that "directly contradicts his allegations based upon information and belief." ECF No. 18-1, 4. Be that as it may, these are not the facts pled in the amended complaint, which the court must assume as true in ruling on this motion. See ECF No. 16. The facts pled are sufficient to move to the next stage of litigation.

Stinson also argues, "It is axiomatic that in order for Stinson to be vicariously liable for the actions of Stinson Communications LLC, the LLC must be named as a defendant." ECF No. 18-1, 4. On the contrary, plaintiffs regularly bring claims against parties on the basis of vicarious liability without naming the directly liable party as a defendant. See, e.g., Jaudon v. Elder Health, Inc., 125 F. Supp. 2d. 153 (D. Md. 2000); Gina Chin & Associates, Inc. v. First Union Bank, 260 VA. 533, 537 S.E.2d 573 (2000). Stinson argues that some facts must be alleged that Stinson Communications engaged in some action by which Stinson can be held individually liable. ECF No. 18-1, 3–4. At this stage in the proceeding, the court is not only required to assume all allegations in the complaint are true, but to draw all reasonable inferences possible from the complaint in the plaintiff's favor. See Ibarra, 120

---

[3] The court notes that the Twombly-Iqbal standard still requires that a plaintiff, when pleading facts based on information and belief, allege enough underlying facts to allow a plausible inference of liability in the context of his or her particular claim. HTC Corp. v. IPComGMBH & Co., KG, 671 F. Supp. 2d 146, 149 (D.D.C. 2009) (citing Exergen Corp. v. Wal-Mart Stores, Inc., 575 Fed. 1312, 1330 (Fed. Cir. 2009). Plaintiff's complaint, in its recital of the required elements of joint and several liability and vicarious liability for copyright infringement, comes dangerously close to missing this threshold. The court holds, however, that the facts pled regarding Stinson's role in Stinson Communications and the copyright infringement alleged, when assumed as true and when all reasonable inferences are drawn, allows Plaintiff to meet this standard, if only just.

7

F.3d at 474 ("... we construe the facts and reasonable inferences derived [from the complaint] in the light most favorable to the plaintiff."). Plaintiff's claims that "Defendants...copied and used Copyrighted Photograph" and that "Stinson was the dominant influence in Stinson Communications, LLC, and determined and/or directed the policies that led to the infringements complaint of herein" leads to the clear inference that Stinson Communications caused the infringement. ECF No. 16, ¶11, 20. While the amended complaint provides relatively little detail to support the claims included therein, what is there is sufficient surmount the hurdle of a 12(b)(6) motion for dismissal. Stinson's motion to dismiss is therefore **DENIED**.

**B.**

Plaintiff alleges that Hannabass participated in the complained-of infringement, asserting, "Beginning on or about November 23, 2015, Defendants copied and posted Copyrighted Photograph to Hannabass's commercial website." ECF No. 16, ¶11. Hannabass argues that Cancian knew that it had taken "no action which would constitute an infringement on his picture." ECF No. 17-1, 3. As stated above, however, the truth or falsity of this is not yet at issue. In deciding this motion, the court takes all facts alleged in the complaint as true. See Ibarra, 120 F.3d at 474 ("... we accept the well-pled allegations of the complaint as true..."). Plaintiff alleges that both Defendants committed the copyright infringement on November 23, 2015. At present, this is sufficient.[4]

---

[4] The court notes that, in his memorandum in opposition to this motion, Plaintiff argues that Hannabass is subject to vicarious liability instead of directly liability for this infringement, due to its business relationship with Stinson Communications. ECF No. 23, 9–10. At present, the court cannot rule on any content outside of what is present in the amended complaint, but will be interested in exploring whether Hannabass is directly or vicariously liable, whether Stinson Communications functioned as an employee or an independent contractor of Hannabass, and what issues this raises in terms of finding liability for copyright infringement at summary judgment.

Hannabass also argues that it cannot be held liable for the actions of an entity not named as a defendant in this suit (here referring to Stinson Communications). ECF No. 17-1, 3. Again, Hannabass cannot simply plead facts that contradict what is pled in the amended complaint in order to secure dismissal of this suit. Such arguments are best brought in a motion for summary judgment. See Mattress v. Taylor, 487 F.Supp.2d 665, 669 (D.S.C. 2007) (distinguishing a 12(b)(6) motion from a motion for summary judgment) ("[The defendant] relies only on the allegations contained in the Complaint as a basis for his motion. Accordingly, the court agrees with Taylor that Rule 12(b)(6), and not Rule 56, provides the appropriate standard of review with respect to his Motion to Dismiss.").

### IV.

For the reasons expressed above, Defendants' motions to dismiss are **DENIED**. An appropriate Order will be entered.

Entered: 12-11-2018

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge